# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ELEAZER LOPES-FLORES,

                Petitioner,      :      Case No. 3:18-cv-330

    - vs -                              District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Pickaway Correctional Institution,

                                    :

                Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Supplemental Report and Recommendations in this case (ECF No. 9). Judge Rice has recommitted the case for reconsideration in light of these Objections (ECF No. 13).

In his Petition for Writ of Habeas Corpus, Flores-Lopez pleaded two grounds for relief:

> **Ground One:** Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when the lower courts failed to supperss [sic] statements made during the course of an interrogation using an unqualified interpreter unfamliar [sic] with Petitioner's constitutional rights.
>
> **Ground Two:** The right to a motion of acquittal under Criminal Rule 29 is paramount in the interest of justice under due process of law. Petitioner's Fifth and Fourteenth Amendments to the United States Constitution are violated when the State is unable to prove each element of a crime where the manifest weight and sufficiency to establish a violation of R.C. 2925.11.

(Petition, ECF No. 3, PageID 37, 40.)

1

Because this case is before the Court for initial review under Habeas Rule 4, the Magistrate Judge put to one side the probability that the Petition is barred by the statute of limitations and analyzed the case on the merits.

As to Ground One, the Reports found the *Miranda* warnings had been given to Petitioner both orally (with a translator) and in written Spanish and his waiver was therefore knowing, intelligent, and voluntary. Because the Second District Court of Appeals had applied correct federal standards in deciding this question, the reports concluded it was entitled to deference under 28 U.S.C. § 2254(d)(1). As to Ground Two, Petitioner's claim of insufficient evidence, the Reports also recommended deferring to the Second District's decision under *Jackson v. Virginia*, 443 U.S. 307 (1979).

Flores-Lopez begins his current Objections by accusing the undersigned of bias and prejudice, "possibly racially motivated." (Objections, ECF No. 12, PageID 89.) He proceeds to raise a number of questions about the evidence which he says his attorney never raised, including whether the traffic stop here was a result of racial profiling. *Id.* at PageID 90. He suggests some unknown other person placed the suitcase with more than 1,000 times bulk of methamphetamine in the van in which he was a passenger. *Id.* He then accuses his trial attorney of ineffective assistance of trial counsel for not asking these questions. *Id.* at PageID 91, citing *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

He then returns to his attack on the undersigned for racial bias claiming, "it has been well documented, on both sides of the bar, that Mr. Lopez does not comprehend (i.e. write) the English language," revealing for the first time that Lopez-Flores has been using a jail-house lawyer as the writer of his pleadings. *Id.* at PageID 92. The jail-house lawyer then follows with a claim that Flores-Lopez did not understand the *Miranda* warnings when they were read to him. *Id.* at PageID

93. Of course, these assertions constitute hearsay and are not in any event admissible evidence in this habeas proceeding. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

The gravamen of the Objections is found in the following paragraph:

> I wonder if this Court can imagine Mr. Lopez's racing mind, full of fear and anxiety about being arrested - possibly for a crime he did not commit or had any knowledge of - worried about what the police were going to do to him. Were they going to force a confession out of him with physical violence or starvation or both. [sic] How would this Court react if it was [sic] in a foreign land illegally, arrested by the police, speaking and possibly shouting in a language that it did not understand? What do people think about the police after watching what takes place on the evening news. It is no "red herring" when any evening on the news, on regular programming, and in the movies we witness abuse by the police upon various minorities. Ask any African-American citizen how they fear the police, even with their hands in the air, and how they are not afforded the equal protection of the laws.

(ECF No. 12, PageID 93-94.) Of course, all persons (not just citizens) are entitled under the Fourteenth Amendment to equal protection of the laws. That particular provision of the Fourteenth Amendment was initially adopted to protect recently emancipated African-American slaves, but there is absolutely no doubt that it applies to everyone. There is, however, no proof in the record that Flores-Lopez received anything less than the equal protection of the laws to which he was and is entitled. This Court is bound to rule with respect to the evidence of record and not speculation by a jail-house lawyer not grounded in the facts of this case.

Flores-Lopez through his jail-house lawyer argues "issues of low I.Q. and possible mild retardation should have been explored by Mr. Lopez's attorney in an effort to provide effective assistance of counsel. . . ." *Id.* at PageID 92. No claim of ineffective assistance of trial counsel was made on direct appeal, nor is any such claim included in the Grounds for Relief pleaded here.

Petitioner argues that "the evidence in this case could never be constitutionally sufficient,

3

but "[t]he Magistrate here, continues to twist the arguments against the Petitioner, and has continued to make the case for the Respondent, as if the evidence was to be construed in favor of the Respondent." *Id.* at PageID 97-98. However, when considering an insufficiency of the evidence claim already litigated in the state courts, a federal habeas corpus court does not reconsider the facts *de novo*. Rather, it is required by the law to be "doubly deferential," first to the jury which found a defendant guilty beyond a reasonable doubt and then to the state court of appeals that reviewed that conclusion. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009); *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.